UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JENNIFER CUMMINS,

       Plaintiff,                          Hon. Ellen S. Carmody

v.

                                    Case No. 1:14-cv-354

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## **OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. On June 26, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #11).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

1

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 32 years of age on her alleged disability onset date. (Tr. 101). She possesses a tenth grade education and worked previously as a customer service representative, secretary/receptionist, and babysitter. (Tr. 19, 28). Plaintiff applied for benefits on August 20, 2010, alleging that she had been disabled since April 1, 2009, due to scoliosis, placement of spinal rods, and partial hip removal. (Tr. 101-04, 115). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 53-100). On May 18, 2012, Plaintiff appeared before ALJ Jonathan Stanley with testimony being offered by Plaintiff and a vocational expert. (Tr. 22-52). In a written decision dated May 23, 2012, the ALJ determined that Plaintiff was not disabled. (Tr. 12-21). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-4). Plaintiff initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R.

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) lumbar spine and thoracic spine scoliosis status post implantation of Harrington rods, and (2) cervical spine degenerative disc disease, severe impairments that whether considered alone or in combination with other

---

404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 14-15). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to work subject to the following limitations: (1) she can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, she can stand/walk and sit for six hours each; (3) she can occasionally balance, kneel, stoop, crouch, crawl, and climb ramps/stairs; and (4) she must avoid concentrated exposure to temperature extremes and vibrations to the body. (Tr. 15).

A vocational expert testified that if limited to the extent reflected by her RFC, Plaintiff would still be able to perform her past relevant work. (Tr. 42-44). The vocational expert further testified that even Plaintiff were further limited to the performance of sedentary work, there still existed more than 150,000 jobs in the national economy which Plaintiff would be able to perform. (Tr. 45-46). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.        **The ALJ's RFC Determination**

As noted above, the ALJ concluded that Plaintiff retained the ability to perform a range of light work. Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. The Court disagrees.

Plaintiff suffered scoliosis as a child eventually undergoing a "Harrington rod spine fusion."[2] (Tr. 211). X-rays of Plaintiff's lumbar spine, taken December 28, 2009, revealed that the

---

[2] A Harrington rod is "a surgical implant used to stretch the spine in order to correct abnormal curvature." *See* Harrington Rod, available at http://www.spine-health.com/glossary/harrington-rod (last visited on June 8, 2015).

"heights and alignments of the lumbosacral vertebrae are within normal limits" with no evidence of fracture or dislocation. (Tr. 202). A December 2, 2009 CT scan of Plaintiff's cervical spine revealed that the "disk spaces were well maintained" with "no evidence of a disk herniation." (Tr. 205). A September 30, 2010 examination revealed "no kyphosis or scoliosis" and "good range of motion." (Tr. 213). The doctor concluded that Plaintiff was experiencing myofascial pain for which physical therapy was recommended. (Tr. 213). Plaintiff subsequently participated in physical therapy reporting improvement in her symptoms. (Tr. 242-59, 281-307, 320-21). November 18, 2011 x-rays of Plaintiff's cervical, thoracic, and lumbar spine were unremarkable. (Tr. 352-54). The conclusion that Plaintiff can perform a limited range of light work is consistent with the medical evidence. The Court, therefore, finds that the ALJ's RFC determination is supported by substantial evidence. Accordingly, this argument is rejected.

**II.        Dr. Neil See's Opinions**

On three occasions between June 15, 2011, and May 5, 2012, Dr. Neil See offered opinions regarding Plaintiff's ability to perform work activities. (Tr. 323-25, 336-40, 368). The ALJ afforded "little weight" to Dr. See's opinions. (Tr. 18-19). Plaintiff asserts that because Dr. See was her treating physician, the ALJ was obligated to afford controlling weight to his opinions.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion

"is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

Dr. See asserts that Plaintiff suffers from extreme physical limitations. Specifically, on June 15, 2011, Dr. See reported that Plaintiff "can't stand to cook, can't lift, twist, [or] bend [and] needs to lay down during [the] day." (Tr. 325). On November 20, 2011, Dr. See reported that during an 8-hour workday, Plaintiff could sit for about 2 hours and can stand/walk for less than two hours. (Tr. 338). The doctor reported that Plaintiff could "rarely" lift less than 10 pounds and could "never" lift 10 pounds or more. (Tr. 338). The doctor also reported that Plaintiff would need to take unscheduled breaks every 15 minutes. (Tr. 338). Finally, on May 5, 2012, Dr. See reported that Plaintiff was unable to lift more than 5 pounds and "would be limited in the amount of time she could stand, sit, and ambulate." (Tr. 368).

The ALJ discounted Dr. See's opinions on the ground that such were contradicted by the medical evidence. (Tr. 18-19). As the medical evidence discussed above indicates, the ALJ's decision to discount Dr. See's opinions is supported by substantial evidence. The doctor's extreme opinions are contradicted by the medical evidence including the contemporaneous treatment notes

authored by Plaintiff's various care providers. Accordingly, this argument is rejected.

**III.       Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that she was unable to work because she experiences numbness in her lower extremities and is unable to sit or stand for prolonged periods of time. (Tr. 34-40). Plaintiff also reported that she was unable to lift a gallon of milk. (Tr. 38). Plaintiff also reported, however, that medication, physical therapy, and use of a heating pad lessens her pain and makes her feel "more mobile." (Tr. 34-36). The ALJ discounted Plaintiff's testimony that she suffers from extreme and disabling limitations. (Tr. 17-18). Plaintiff asserts that she is entitled to relief because the ALJ's rationale for discounting her statements is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

>  alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).  This standard is often referred to as the *Duncan* standard.  *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)).  However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record."  *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference."  *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony").  It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand.  The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded.  *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).  In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable."  *Ritchie v. Commissioner of Social*

*Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

The ALJ examined in detail the evidence and concluded that such undermined Plaintiff's credibility. This conclusion is supported by substantial evidence as the discussion of the medical evidence above reveals. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date:  June 18, 2015                                        /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge